IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAURICE JONES, ) | |
|     Plaintiff, ) | No: 16-CV-11716 |
| v. ) | |
| ) | |
| CITY OF CHICAGO, ) | |
| CHICAGO POLICE OFFICER WHERFEL, ) | |
| (STAR #5363), UNKNOWN CITY OF CHICAGO ) | |
| POLICE OFFICERS, ) | |
| ) | |
|     Defendants. ) | **JURY DEMANDED** |

## CIVIL COMPLAINT

NOW COMES, Plaintiff, MAURICE JONES, individually, by and through his attorneys, Mary J. Grieb of the Shiller Preyar Law Offices, complaining of Defendants, and in support thereof states as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code U.S.C. § 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction for state claims as provided in 42 U.S.C. § 1367(a).

### VENUE

3. Venue is proper pursuant to 28 U.S.C. § 1391(b). The events alleged within all occurred in the Northern District of Illinois.

### THE PARTIES

4. Maurice Jones is a United States citizen who resides in the Northern District of Illinois.

5. Defendant Chicago Police Officer Wherfel (Star #5363) and unknown Defendant City of Chicago police officers (hereinafter referred to as "Defendant Officers") are present or former employees of the City of Chicago. Defendant Officers engaged in the conduct complained of while on duty, in the course and scope of their employment and under the color of law. Defendant Officers are sued in their individual capacity.

6. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officers. At all times relevant hereto, Defendant Officers were acting under the color of law and within the scope of their employment with Defendant City of Chicago.

## BACKGROUND

7. On March 11, 2016, Defendant Officers approached Plaintiff at his home, located at 6622 S. Aberdeen in Chicago, Illinois.

8. Defendant Officers entered Plaintiff's home, a two story apartment building, by kicking in the entryway door.

9. Plaintiff was complying with all laws of the State of Illinois at all relevant times.

10. Defendant Officers then began to search the first floor of the building located at 6622 S. Aberdeen.

11. Defendant Officers began the search by kicking the first floor door in at the building located at 6622 S. Aberdeen.

12. Defendant Officers damaged and moved belongings on the first floor at the building located at 6622 S. Aberdeen.

13. Defendant Officers then moved to the basement of the building located at 6622 S. Aberdeen.

14. Defendant Officers damaged the door to the basement, furnace and other property in the basement at the building located at 6622 S. Aberdeen Chicago, Illinois.

15. After the search was completed, Defendant Officers left Plaintiff's building without any explanation.

16. Defendant Officers left warrant number 16SW5063 with Plaintiff.

17. The search warrant was for "Elijah Yates, a male black, Height: 5'9", Weight: 160 lbs, black hair, brown eyes, IR # 1201083," the premises "the grey-sided two story apartment building located at 6622 S. Aberdeen 1st Flo, Chicago, Cook County, Illinois" and allowed the seizure of "(1) .40 caliber semi-auto handgun, black in color. Any evidence and documents pertaining to residency."

18. The warrant was signed by Cook County Judge Patrick Coughlin on or about 11:50 a.m. on March 11, 2016.

19. A "John Doe" also signed the warrant on or about March 11, 2016 at 11:50 a.m..

20. Defendant Wherfel signed and swore to a complaint for search warrant for 6622 S. Aberdeen.

21. Defendant Wherfel included intentionally false statements in his complaint for search warrant.

22. Defendant Wherfel acted with reckless disregard for the truth of certain statements in his complaint for search warrant.

23. Prior to swearing out a complaint for search warrant, Wherfel found no record of a person named "Elijah Yates" at 6622 S. Aberdeen.

24. In the course of executing the search warrant, Defendant Officers did not locate "Elijah Yates."

25. Elijah Yates did not live at 6622 S. Aberdeen at any relevant time.

26. Plaintiff has never heard of Elijah Yates.

27. As a result of Defendants' actions, Plaintiff suffered damages including property damage, loss of liberty and emotional damages.

## COUNT I

### Fourth Amendment – *Franks v. Delaware* violation

28. Plaintiff re-alleges and incorporates all previous paragraphs.

29. Defendant Wherfel knew or should have known that "Elijah Yates" did not live at 6622 S. Aberdeen.

30. Defendant Wherfel knew or should have known that .40 caliber black semi-auto handgun had not been in possession of "Elijah Yates" in the foyer of Plaintiff's two story apartment building located at 6622 S. Aberdeen.

31. Defendant Wherfel provided false statements of material fact which were included in support of the Complaint for Search Warrant.

32. Defendant Wherfel knew or should have known that these statements were false.

33. But for the inclusion of these false statements of material fact, there would have been no basis in law for the issuance of the warrant.

34. The actions of the Defendant Wherfel described above, whereby he intentionally or recklessly provided false statements, and misled the judge as to the entire basis for the search warrant, constituted deliberate indifference to Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

35. As a result of Defendant Wherfel's *Franks* violation, Plaintiff was injured, including the loss of liberty and emotional distress.

36. The actions of Defendant Wherfel were objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment be entered in his favor and that he be awarded compensatory and punitive damages, reasonable attorneys' fees, costs, and expenses and such other and further relief that this Honorable Court deems just.

## COUNT II

### 42 U.S.C. §1983 – Illegal Search

37. Plaintiff re-alleges and reincorporates all previous paragraphs.

38. As described above, on March 11, 2016, Defendant Officers invaded Plaintiff's privacy by entering his two-story apartment building without any lawful justification and conducting an unreasonable search of his building thus violating Plaintiff's rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C. Section 1983.

39. The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to the rights of others.

40. As a direct and proximate result of the wrongful actions of Defendants, Plaintiff suffered property damages and emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendant Officers, jointly and severally for compensatory, punitive damages, reasonable attorneys' fees, costs and expenses and such other additional relief that this Court deems equitable and just.

## COUNT III

### 42 U.S.C. § 1983 – Unreasonable Seizure of Property

41. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

42. Defendant Officers unlawfully seized items from Plaintiff's building.

43. Defendant Officers acting under color of law, by seizing items from Plaintiff's property and refusing Plaintiff any access to the items or information about the items without probable cause or any other legal justification, constituted an illegal seizure in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

44. Further, the conduct of Defendant Officers acting under color of law by vandalizing Plaintiff's property , thereby preventing Plaintiff from his lawful right to use and possession of that property, without probable cause or any other legal justification, constituted an illegal seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

45. Such actions constitute deliberate indifference to Plaintiff's rights under the United States Constitution in violation of the Fourth and Fourteenth Amendments.

46. As a result, Plaintiff was injured, including loss of liberty and emotional damages.

47. The actions of the Defendants were objectively unreasonable and were undertaken intentionally with malice, willfulness, and with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against the Defendant Officers for compensatory damages, punitive damages, costs & attorney's fees and such other additional relief as this court seems equitable and just.

## COUNT IV

### 42 U.S.C. § 1983 – Unlawful Seizure

48. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

49. As described in the preceding paragraphs, the conduct of Defendant Officers acting under the color of law, by unlawfully occupying Plaintiff's building and in return restricting Plaintiff access to his building without probable cause or legal justification constituted an

illegal seizure of Plaintiff in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

50. The misconduct complained in this Count was objectively unreasonable and was undertaken intentionally with willful and wanton indifference to Plaintiff's constitutional rights.

51. As a result, Plaintiff was injured, including loss of liberty and emotional damages.

WHEREFORE, Plaintiff demands judgment against the Defendant Officers for compensatory damages, punitive damages, costs & attorney's fees and such other additional relief as this court seems equitable and just.

## COUNT V

### 42 U.S.C. § 1983 – Failure to Intervene

52. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

53. Defendant Officers had a reasonable opportunity to prevent one another from illegally searching and seizing Plaintiff's building and property, but failed to do so.

54. Defendant Officers had a reasonable opportunity to prevent Wherfel from obtaining a search warrant based upon false information, but failed to do so.

55. As a result of Defendant Officers' failure to intervene, Plaintiff suffered emotional injuries, deprivation of constitutional rights and damage to property.

56. The misconduct was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory damages, punitive damages, costs, attorneys' fees and such other and additional relief that this Court deems equitable and just.

## COUNT VI

### State Claim – False Imprisonment

57. Plaintiff re-alleges and incorporates all previous paragraphs.

58. On the basis of Defendant Officers' unlawful conduct, Plaintiff was improperly detained without legitimate probable cause, resulting in injury.

59. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

60. As a result of the above-described conduct, Plaintiff was injured, including the loss of liberty, emotional damage, and lost wages.

61. All of the misconduct described in this Complaint was undertaken within the scope of Defendants Officers' employment such that the Defendant City of Chicago is liable for the torts of its agents.

WHEREFORE, Plaintiff demands judgment be entered in his favor and that he be awarded compensatory and punitive damages, costs, and expenses and such other and further relief that this Honorable Court deems just.

## COUNT VII

### State Claim - Intentional Infliction of Emotional Distress

62. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

63. The acts and conduct of Defendant Officers set forth above were extreme and outrageous.

64. In particular, the conduct of Defendant Officers in providing knowingly false statements to secure a search warrant for the Plaintiff's building, placed Plaintiff in a state of anxiety, fear, and humiliation and severe emotional distress.

8

65. Defendant Officers intended to cause, or were in reckless disregard of the probability that their conduct would cause severe emotional distress to Plaintiffs.

66. The conduct of the Defendant Officers was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

67. Said actions and conduct caused Plaintiff suffering by the blatant lying and intrusion into his building without any lawful basis.

WHEREFORE, Plaintiff demands judgment be entered in his favor and that he be awarded compensatory and punitive damages, reasonable attorneys' fees, costs, and expenses and such other and further relief that this Honorable Court deems just.

## COUNT VIII

### Conversion

68. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

69. Plaintiff owned the building located at 6622 S. Aberdeen Chicago, Illinois and the property therein.

70. Plaintiff had the absolute, unconditional right to immediate possession of his items that were destroyed and seized by Defendant Officers during the course of their March 11, 2016 search.

71. Defendant Officers took control of Plaintiff's property when they damaged that property and when they physically removed it from his building.

72. Defendant Officers damaged Plaintiffs personal property and physically removed Plaintiff's property without permission or lawful justification such that the property could not be used by Plaintiff to this day.

73. Defendant Officers conduct was undertaken intentionally and with malice, willfulness and reckless indifference to Plaintiff's rights.

74. The misconduct was undertaken by Defendant Officers within the scope of their employment and under the color of law such that their employer, the City of Chicago, is liable for those actions.

WHEREFORE, Plaintiff demands judgment be entered in his favor and that he be awarded compensatory damages and such other and further relief that this Honorable Court deems just.

## COUNT IX

### Indemnity Claim - 745 ILCS 10/9-102 Against City of Chicago

75. Defendant City of Chicago is the employer of Defendant Officers.

76. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

77. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

78. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiff suffered physical and emotional injuries.

WHEREFORE, Plaintiff demands judgment against the City of Chicago for compensatory damages, attorney's fees, costs, medical expenses, and such other and additional relief as this court deems equitable and just.

## COUNT X

### *Respondeat Superior* Liability Against City of Chicago for State Law Claims Against Defendant Officers

79. Plaintiff re-alleges and incorporates all previous paragraphs.

80. Defendant City of Chicago is the employer of Defendant Officers.

81. Defendant City of Chicago is liable for its employees' actions committed while in the scope of their employment as duly appointed police officers under the doctrine of *respondeat superior*.

82. The acts of Defendant Officers described in the state-law claims specified above were willful and wanton and committed in the scope of their employment as employees of the Defendant City of Chicago.

83. As a proximate cause of the Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiff was injured.

WHEREFORE, Plaintiff demands judgment against Defendant City for compensatory damages, costs, and such other and additional relief that this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,
Maurice Jones
By One of HIS Attorneys:
s/Mary J. Grieb
Mary J. Grieb
The Shiller Preyar Law Offices
601 S. California
Chicago IL 60612
(312) 226-4590